IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MAYRA SALDANA,** | ) | **CASE NO. 4:13CV3108** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **RHONDA LAHM,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Rule 60(b) Motion to Vacate Judgment (Filing No. 52). Plaintiff Mayra Saldana ("Saldana") contends that newly discovered evidence demonstrates that an affidavit presented by Defendant Rhonda Lahm ("Lahm") in support of her Motion for Summary Judgment was false. While the parties' briefs and evidence presented in connection with the pending motion do suggest that Lahm's earlier affidavit (Filing No. 42-9) was somewhat misleading, the Motion to Vacate Judgment will be denied.

## STANDARD OF REVIEW

Fed. R. Civ. P. 60 provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
. . . .
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]

To prevail under Rule 60(b)(2) a moving party must demonstrate that "(1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4)

the evidence is such that a new trial would probably produce a different result." *U.S. Xpress Enterprises, Inc. v. J. B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (citation omitted).

To prevail under Rule 60(b)(3) a moving party must demonstrate, "with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005).

Motions to vacate judgment are disfavored. *Heim v. Comm'r*, 872 F.2d 245, 247 (8th Cir. 1989).

## DISCUSSION

Saldana initiated this action on May 31, 2013. Discovery commenced on November 18, 2013 (Filing No. 33, ¶ 1.) Lahm moved for summary judgment on January 17, 2014 (Filing No. 40). In support of her motion, Lahm submitted her affidavit (Filing No. 40-9), describing how the Nebraska Department of Motor Vehicles ("DMV") used the Systematic Alien Verification for Entitlements ("SAVE") Program administered by the United States Citizenship and Immigration Services ("USCIS"), a division of the Department of Homeland Security. Lahm stated:

> 11. The DMV undertakes this procedure when processing an application from any non-U.S. citizen. From a lawful status verification perspective, the DMV does not differentiate among non-U.S. citizen immigration statuses, nor does it apply a more or less stringent verification process for an applicant of one immigration status versus an applicant of a different immigration status.
>
> 12. More specifically, the DMV does not differentiate within the category of immigrants with "deferred action status."

> 13. The DMV's aim in utilizing the SAVE system is to ascertain whether or not an applicant possesses lawful status in the United States, as determined by the federal government.

Filing No. 42-9 at 3.

As Saldana correctly notes, this Court interpreted Lahm's affidavit to mean that DMV treated all non-citizen deferred-action-status applicants for driver's licenses the same. Instead, Lahm now states that paragraph 12 of her affidavit was in reference to DMV's use of the SAVE Program, and that DMV has relied on that Program to determine whether an applicant has "lawful status" in the United States.

While paragraph 12 of Lahm's affidavit is misleading when read alone, Saldana has not shown by clear and convincing evidence that the affidavit was fraudulent or an overt misrepresentation of the facts. Saldana also has not demonstrated that she exercised due diligence to discover the evidence (that DMV may have issued driver's licenses to certain deferred-action-status applicants) before the Court's ruling on Lahm's Motion for Summary Judgment.[1] Nor has Saldana demonstrated that a different result would have been likely if the newly discovered evidence had been presented in opposition to Lahm's Motion for Summary Judgment. In its Memorandum and Order granting Summary Judgment, the Court said:

---

[1] Discovery was not stayed pending the disposition of the Motion for Summary Judgment. Although Saldana requested more time for discovery before responding to Lahm's Motion for Summary Judgment, Saldana did not support her request with any affidavit or declaration, nor did she set forth specific reasons why she could not present facts essential to justify her opposition to Lahm's motion. See Fed. R. Civ. P. 56(d): "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

> The uncontroverted evidence now demonstrates that the DMV issues driver's licenses and state identification cards only to persons with lawful status in the United States, as determined by the federal government and verified through the Systematic Alien Verification for Entitlements ("SAVE") Program, administered by the United States Citizenship and Immigration Services ("USCIS"), an agency of the U.S. Department of Homeland Security. Lahm and DMV rely solely on the SAVE database to determine whether a non-citizen applicant has lawful status in the United States, and they do not differentiate between different categories of persons with deferred action status.

Filing No. 48 at 3-4.

> If Lahm and DMV were following the policy alleged by Saldana in her First Amended Complaint–issuing driver's licenses to other deferred action recipients and individuals submitting EADs, but *not* to DACA recipients (First Amended Complaint, Filing No. 16 at ¶¶ 50-53)–the policy might well lack any rational basis. Instead, Lahm and DMV are following Nebraska's statute, Neb. Rev. Stat. § 60-484.04 (Cum. Supp. 2012)[2], and relying upon the USCIS database, to issue driver's licenses only to applicants having lawful status in the United States.
>
> Saldana is not similarly situated to persons having lawful status in the United States with respect to her qualification for a Nebraska driver's license, and Lahm has not denied Saldana equal protection of the law.

*Id*. at 7.

Although the newly discovered evidence may reveal that DMV has issued drivers licenses to some non-DACA deferred-action-status applicants, it remains undisputed that Lahm and DMV rely on the USCIS SAVE data base to determine whether an applicant has lawful status in the United States, and driver's licenses are issued only to those having lawful status according to that federal resource. Saldana has not demonstrated that Lahm has treated her differently from similarly situated persons, or that Lahm's actions lack a

---

[2] "Before being issued any type of operator's license or a state identification card under the Motor Vehicle Operator's License Act, the department [DMV] shall require an applicant to present valid documentary evidence that he or she has lawful status in the United States." Neb. Rev. Stat. § 60-484.04(2) (Cum. Supp. 2012).

rational basis. Accordingly, Saldana has not demonstrated that her newly discovered evidence likely would produce a different result.

IT IS ORDERED:

The Plaintiff Mayra Saldana's Rule 60(b) Motion to Vacate Judgment (Filing No. 52) is denied.

.   DATED this 12th day of February, 2015.

BY THE COURT:

S/Laurie Smith Camp
Chief United States District Judge